Entered: April 27th, 2021
Signed: April 27th, 2021



**MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Lewis Evans, Jr., | * | Case No. 19-19430-MMH |
| | * | |
| Debtor. | * | Chapter 13 |
| | * | |
| * * * * * * | * | |
| First National Bank of Pennsylvania, | * | |
| | * | |
| Movant, | * | |
| v. | * | |
| | * | |
| Lewis Evans, Jr., | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

### MEMORANDUM OPINION

The automatic stay of section 362 of the U.S. Bankruptcy Code[1] provides one of the key protections for individuals and entities seeking to address their financial distress. The automatic stay applies to various actions against the debtor, the debtor's property, and property of the estate. This chapter 13 case involves an individual debtor who is involved with at least one business that owns certain parcels of real property. In fact, two of the properties listed in the debtor's bankruptcy schedules are titled in the name of this business, which is a separate entity organized as a corporation under applicable state law. Because the automatic stay generally does not apply to the

---
[1] 11 U.S.C. §§ 101 et seq. (the "Code").

property of nondebtor parties, absent special circumstances (not present here) or a request for an injunction under section 105 of the Code, the Court finds the creditor's position valid and warranted under the circumstances of this particular case. Accordingly, the Court determines that the automatic stay in this case does not extend to the subject properties.

**Relevant Background**

Mr. Lewis Evans, Jr., the above-captioned debtor (the "Debtor"), is an entrepreneur. The Debtor has complied with his obligations under the Code and has been working with counsel to try to address his financial distress.[2] Early in this case, the Debtor entered into agreed orders (collectively, the "Agreed Orders") with First National Bank of Pennsylvania (the "Creditor"). ECF 50, 51. The Agreed Orders relate to the obligations of the Debtor under a certain promissory note executed by the Debtor and On Demand Labor Baltimore, Inc. ("On Demand") in favor of the Creditor. The Agreed Orders also address the Creditor's rights with respect to the properties commonly known as 232 and 234 Park Avenue, Baltimore, Maryland (the "Properties"), which secure the Debtor's and On Demand's obligations under the promissory note.

The Debtor defaulted on his obligations under the Agreed Orders. On April 1, 2021, the Court held a hearing on the Creditor's related Affidavits of Default and the Debtor's responses thereto. ECF 85, 86, 88, 89. At the hearing, the Creditor explained that the Properties were titled solely in the name of On Demand, a nondebtor party, and thus arguably were not property of the Debtor's estate.[3] The Creditor also stated that it had filed the motions for relief from stay underlying the Agreed Orders out of an abundance of caution, given that the Debtor had listed the Properties in his bankruptcy schedules. ECF 28, 30. In addition, the Creditor noted that other

---

[2] The Court notes that the Debtor has requested a moratorium on his obligations under his chapter 13 plan. The motion and the Creditor's related objection remain pending. ECF 87, 94.

[3] The Debtor's amended schedules note his ownership interest in On Demand and suggest that On Demand is a forfeited entity. ECF 23. The schedules further acknowledge On Demand's ownership of the Properties. *Id*.

creditors, including taxing authorities, had taken actions against the Properties and that the Debtor had not asserted the application of the automatic stay as to those creditors or their actions. ECF 98. The Debtor did not deny any of these facts. Rather, the Debtor indicated that he was working to sell the Properties and to reach an agreement with the Creditor to pay off the promissory note.

At the hearing, the Court raised concerns about the continued application of the automatic stay to the Properties if that application was not supported by law or notions of fairness to creditors. The Court understands the Debtor's desire to maximize the value of the Properties through the bankruptcy process. The Court also appreciates the Creditor's caution and willingness to seek guidance from this Court on the application of the automatic stay. Although a sale of the Properties would potentially benefit both the Debtor and the Creditor, the Court must respect the boundaries of the Code and apply the law consistently to all parties who might have an interest in the Properties. Given the importance of this issue, the Court indicated that the parties could file post-hearing lines addressing the application of the automatic stay to the Properties under the facts and circumstances of this case. Only the Creditor elected to file such a line, which the Court has now reviewed. ECF 100. As explained below, the Court finds the Creditor's position well taken.

**Analysis**

The automatic stay is one of the hallmark protections afforded debtors under the Code. It provides debtors with an opportunity to catch their financial breath and thoughtfully work to rehabilitate their financial affairs. This breathing spell is accomplished primarily by section 362(a) of the Code, which provide in pertinent part, that the filing of a bankruptcy petition

> operates as a stay, applicable to all entities, of—
>
> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

 **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
 **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
 **(4)** any act to create, perfect, or enforce any lien against property of the estate;
 **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
 **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title ….

11 U.S.C. § 362.

  Notably, the language of section 362(a) speaks only to actions or other efforts against the debtor, property of the debtor, or property of the estate. Courts have long held that the protections of section 362(a) do not extend to nondebtor parties or their property, absent special circumstances or a separate request that the Court extend a stay-like injunction under section 105 of the Code. *See, e.g.*, *Kreisler v. Goldberg*, 478 F.3d 209, 215 (4th Cir. 2007) (explaining that the automatic stay does not apply to actions against nondebtors and noting the potential application of a section 105 injunction, if sought by a debtor).[4] The Debtor has not requested any extension of the stay or the issuance of an injunction beyond that provided by section 362(a) of the Code.

  The facts presented in this chapter 13 case appear fairly straight forward. The Creditor asserts that the Properties are titled solely in the name of On Demand, and the Debtor does not dispute that fact. In general, "[a]ssets owned by a corporation in which a debtor is a stockholder are not property of the debtor, but that of the corporation." *Simpson v. Levitsky, et al. (In re Levitsky)*, 401 B.R. 695, 710 (Bankr. D. Md. 2008) (citing *Kreisler v. Goldberg*, 478 F.3d 209, 214 (4th Cir. 2007)). *See also Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005) ("The corporate assets of Fowler Trucking, Inc. are not property of the debtor [sole shareholder] and

---

[4] *See also FPSDA II, LLC v. Larin (In re FPSDA I, LLC)*, No. 12-08032, 2012 WL 6681794, at *11 (Bankr. E.D.N.Y. Dec. 21, 2012) (discussing the special circumstances that might warrant an extension of the automatic stay), *as corrected* (Dec. 26, 2012); *Maxwell v. Mazor*, No. 2830, 2016 WL 1554713, at *5 (Md. Ct. Spec. App. Apr. 18, 2016) (explaining the unusual circumstances that courts have considered in extending the automatic stay).

therefore cannot become property of [the debtor's] bankruptcy estate."); *In re Brittain*, 435 B.R. 318, 322 (Bankr. D.S.C. 2010) (finding that, under applicable state law, "a member's bankruptcy estate has no interest in property of an LLC and that the estate's property interest is limited to the member's distributional interest"). As Judge Schneider explained in *Levitsky*, "the assets of a non-debtor corporation do not become assets of the bankruptcy estate of a stockholder of the corporation, even when the individual owns all of the stock." 401 B.R. at 710.[5]

The Court has no evidence before it to suggest that the Properties are in any way property of the Debtor's estate.[6] Without that kind of evidence (or evidence showing special circumstances) and absent a justifiable request for an injunction under section 105 of the Code, the Court has no basis to apply the automatic stay to the Properties. Accordingly, based on the entirety of the record in this case, the Court determines that the automatic stay of section 362(a) of the Code does not apply to the Properties, and the parties may pursue their respective rights and remedies with respect to the Properties under their existing agreements and applicable nonbankruptcy law. The Court will enter a separate order consistent with this Memorandum Opinion.

cc:
Debtor
Debtor's Counsel
Movant's Counsel
Chapter 13 Trustee

**END OF MEMORANDUM OPINION**

---

[5] *See also Maxwell*, 2016 WL 1554713, at *4 ("'Neither does the bankruptcy filing automatically stay an action against separate entities associated with a debtor, such as a wholly owned subsidiary, parent company, or limited liability company in which the debtor allegedly had some interest.'") (internal emphasis and citations omitted).

[6] On Demand's forfeited status does not appear to change this conclusion or the nature of the interests at issue in this matter. For example, Maryland law acknowledges a forfeited corporation's continued existence for certain purposes, including the liquidation of its assets. *See, e.g.*, *Mintec Corp. v. Miton*, 392 B.R. 180, 187 (D. Md. 2008); *In re Heark Corp.*, 18 B.R. 557, 559 (Bankr. D. Md. 1982). Moreover, the entity involved in the *Maxwell* case was a forfeited limited liability company. *Maxwell*, 2016 WL 1554713, at *4.